

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

NO. PD-0154-22

**THOMAS GEORGE GRISWOLD, III, Appellant**

**V.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
ROCKWALL COUNTY**

*Per curiam.*

## O P I N I O N

Appellant was charged with stalking by engaging in conduct that is an offense under

section 42.07 and/or engaging in conduct he knew or reasonably should have known the

complainant would regard as threatening bodily injury or death and did cause the

complainant to fear bodily injury or death. See TEX. PENAL CODE § 42.072(a). Appellant filed

a pre-trial motion to quash the indictment, arguing the stalking statute is facially unconstitutional as vague and overbroad due to its incorporation of section 42.07(a)(7) (electronic harassment). The trial court denied the motion. Appellant was convicted and appealed. The Court of Appeals held that section 42.072(a) is facially unconstitutional for vagueness and overbreadth to the extent it incorporates section 42.07(a)(7). *Griswold v. State*, 637 S.W.3d 888 (Tex. App. – Dallas 2021, pet. filed). The court reversed and remanded the case to the trial court to grant the motion to quash and dismiss the indictment.

The State filed a petition for discretionary review arguing that the Court of Appeals erred in finding the stalking statute unconstitutional and in reversing the conviction. We handed down opinions in *Ex parte Barton*, No. PD-1123-19, 2022 WL 1021061 (Tex. Crim. App. Apr. 6, 2022), and *Ex parte Sanders*, No. PD-0469-19, 2022 WL 1021055 (Tex. Crim. App. Apr. 6, 2022), in which we upheld the facial constitutionality of a previous version of section 42.07(a)(7). *See* Acts 2001, 77th Leg., ch. 1222 (S.B. 139), § 1, eff. Sept. 1, 2001. The indictment in this case alleged conduct that occurred on or about January 1, 2007 through April 24, 2018. Therefore, at least a portion of Appellant's case involves a challenge to the version of section 42.07 that became effective after being amended by the legislature in 2017. *See* Acts 2017, 85th Leg., ch. 522 (S.B. 179), §§ 13, 14, eff. Sept. 1, 2017.

The Court of Appeals in the instant case did not have the benefit of our decisions in *Ex parte Barton* and *Ex parte Sanders*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to

the Court of Appeals for further consideration in light of *Ex parte Barton* and *Ex parte Sanders*, and to address Appellant's remaining issues if necessary.

DELIVERED November 2, 2022

PUBLISH